-PS-O

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

TODDRICK BROCKINGTON, 92-B-2488,

        Petitioner,

        -v-

SUPERINTENDENT LUIS MARSHAL,

        Respondent.

**DECISION AND ORDER
07-CV-0286(S)M**

---

The petitioner, Toddrick Brockington, acting *pro se*, seeks a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, alleging that his conviction in Supreme Court, Monroe County, State of New York, on October 14, 1992, was unconstitutionally obtained, as set forth more precisely in the petition.  By Order filed May 8, 2007, petitioner was directed to file information regarding why the petition was not time barred under 28 U.S.C. § 2244(d)(1), which imposes a one-year statute of limitations on the filing of petitions for writs of habeas corpus pursuant to § 2254.  The limitations period is counted from --

> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

> (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

> ©  the date on which the constitutional right asserted was initially recognized by the [United States] Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA" or the "Act"), Pub.L. No. 104-132, 110 Stat. 1214, effective April 24, 1996.

On May 24, 2007, petitioner filed a response to the Court's Timeliness Order (Docket No. 4) and a memorandum (Docket No. 5), and on September 27, 2007, petitioner filed a motion to stay the petition so he could exhaust a "jurisdictional" issue. (Docket No. 7). For the following reasons, the Court finds that the petition was not timely filed and must be denied. The motion for a stay is denied as moot.

## A. TIMELINESS

Petitioner concedes that Ground Four of the petition is time barred, but argues that the first three Grounds,[1] which he claims relate to a failure by the prosecution to disclose Brady[2] material in the form of the Medical Examiner's Case Narrative, involve "newly discovered evidence" and, therefore, were timely filed pursuant to sub-paragraphs B and D of § 2244(d)(1). The Court has examined petitioner's response and memorandum and

---

[1]These three grounds for relief are: (1) the conviction was obtained by unconstitutional failure of the prosecution to disclose evidence favorable to petitioner; (2) denial of effective assistance of trial counsel based on trial counsel's failure to make reasonable investigation into property collected from victim as well as any evidence the medical examiner collected from victim; and (3) prosecution suppressed medical examiner's Case Narrative and allowed false testimony to be presented to jury. (Docket No. 1, Petition, ¶ 12. A-C).

[2]Brady v. Maryland, 373 U.S. 83, 87 (1963) ("[S]uppression by prosecution of evidence favorable to an accused upon request violates due process where evidence is material either to guilt or to punishment, irrespective of good faith or bad faith of prosecution.")

finds that the petition is barred by the limitation of time established by 28 U.S.C. § 2244(d)(1).

Petitioner's judgment became final before the effective date of AEDPA,[3] and, therefore, his time to file a petition for a writ of habeas corpus expired on April 24, 1997, when the one year "grace period" for filing a timely petition expired. *See Ross v. Artuz*, 150 F.3d 97, 102 (2d Cir. 1998) ("in light of Congress's selection of one year as the limitations period, we conclude that prisoners should have been accorded a period of one year after the effective date of AEDPA in which to file a first § 2254 petition or a first § 2255 motion").[4] Petitioner did not file this habeas corpus petition until May 1, 2007, some ten years after his conviction became final.

### 1. Tolling

Petitioner's response does not provide any information that would permit the Court to extend the limitations period beyond one year. Although petitioner notes that he filed at least three, maybe four, state court applications for post-conviction relief (Docket No. 4), those motions were all filed after April 23, 1997--the date his time to file a petition for a writ of habeas corpus expired--and do not act to "restart" the grace period. *See Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir.), *cert. denied*, 531 U.S. 840 (2000) ("proper calculation of Section 2244(d)(2)'s tolling provision excludes time during which properly filed state

---

[3]Petitioner's judgment of conviction was entered on October 14, 1992, and the judgment of conviction was affirmed on December 23, 1994. Leave to appeal to the New York Court of Appeals was denied on February 25, 1995. *People v. Brockington*, 210 A.D.2d 936 (4th Dept. 1994), *lv. to app. denied*, 85 N.Y.2d 860 (1995).

[4]"When a statute of limitations is measured in years, the last day for instituting the action is the anniversary date of the start of the limitations period." *Ross*, 150 F.3d at 103 (citing Fed.R.Civ.P. 6(a); *Day v. Morgenthau*, 909 F.2d 75, 79 (2d Cir.1990)).

relief applications are pending but does not reset the date from which the one-year statute of limitations begins to run."). Tolling extends the time to file a habeas petition by delaying the expiration of the statutory period, but has no effect once the period has expired.

Further, petitioner has not identified any "extraordinary circumstance" that made it impossible to file his petition within the one-year time period. Therefore, petitioner has failed to provide a basis for the Court to extend the limitations period beyond one year. *See Smith*, 208 F.3d at 17 ("In order to equitably toll the one-year period of limitations, [a petitioner] must show that extraordinary circumstances prevented him from filing his petition on time. ... In addition, the party seeking equitable tolling must have acted with reasonable diligence throughout the period he seeks to toll."); *see also Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir.1999) (Equitable tolling is only permitted "if extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time."); *Johnson v. Nyack Hospital*, 86 F.3d 8, 12 (2d Cir. 1996) (noting that the Second Circuit has applied equitable tolling doctrine "as a matter of fairness where a plaintiff has been prevented in some extraordinary way from exercising his rights") (internal quotation marks and citation omitted).

The burden is on the petitioner to demonstrate that he has met the high standard required before the Court may consider applying equitable tolling to his situation. *Hizbullahankhamon v. Walker*, 255 F.3d 65, 75 (2d Cir. 2001) ("[P]etitioner [must] 'demonstrate a causal relationship between the extraordinary circumstances on which the claim for equitable tolling rests and the lateness of his filing, a demonstration that cannot be made if the petitioner, acting with reasonable diligence, could have filed on time

4

notwithstanding the extraordinary circumstances.' ") (quoting *Valverde v. Stinson*, 224 F.3d 129, 134 (2d Cir. 2000), *cert. denied*, 536 U.S. 925 (2002)). Petitioner claims that he "discovered" the Medical Examiner's Case Narrative in 1996 as a result of a Freedom of Information Law request. He thereafter filed a petition for a writ of habeas corpus petition in this Court but withdrew it because the Brady material claim had not been exhausted. (Docket No. 5, at p. 2). Following the withdrawal of the petition, he then filed his various state court applications for post-conviction relief, presumably in an attempt to exhaust his state court remedies.

Petitioner's first application was for a writ of error *coram nobis* based on a claim of ineffective assistance of appellate counsel. It was filed in September 1997 and denied by the New York State Supreme Court, Appellate Division, Fourth Department, on December 31, 1997. *People v. Brockington*, 245 A.D.2d 1151 (4th Dept. 1997) (Table, TEXT in WESTLAW, No. 1653/94, 1997 WL 808169). Petitioner claims to have filed his "first" New York Criminal Procedure Law, § 440.10 motion ("§ 440.10") on April 16, 1998, but later wrote to the Judge assigned to the matter on October 6, 1998, advising the Judge that he wished the motion to be stayed so he could obtain counsel. After some delay, petitioner's family retained counsel in January 1999, and on August 12, 2003, counsel "moved forward" with the § 440.10 motion, which was denied on December 22, 2003.[5] Instead of seeking permission to appeal the denial of the § 440.10 motion to the Appellate Division, petitioner

---

[5]It is unclear if the "first" § 440.10 motion filed by petitioner *pro se* on April 16, 1998, which petitioner sought to stay, was actually filed, or was consolidated or "merged" with the motion filed by counsel in August 2003. The petition states that the first application for state court post-conviction relief was an application for a writ of error coram nobis filed in September 1997 (Docket No. 1, Petition, ¶¶ 10-11), and the second such application filed was a § 440.10 motion filed on August 12, 2003 (*id.*, ¶ 11(b)). Another § 440.10 motion was filed *pro se* on October 18, 2005. (Docket No. 4, Petitioner's Response to Timeliness Order to Show Cause).

claims that his attorney moved to California without informing him. (Docket No. 5, Memorandum, at pp. 3-4). Another § 440.10 motion was filed *pro se* on October 18, 2005, which was denied on February 27, 2006, and leave to appeal was denied on September 19, 2006. (Docket No. 4, Petitioner's Response to Timeliness Order to Show Cause).

Nothing reflected in this "history" as set forth by petitioner in his response or memorandum (Docket No. 4-5) establishes in any way that petitioner has met the high standard for equitable tolling. In fact, petitioner is not relying on equitable tolling but rather that the Case Narrative is newly discovered evidence and his petition is thus timely under 28 U.S.C. § 2244(d)(1)(B) and (D).

### 2. Newly Discovered Evidence

As noted, petitioner claims that the Medical Examiner's Case Narrative "discovered" by him in 1996 through a Freedom of Information Law request is newly discovered evidence and his petition was therefore filed timely under § 2244(d)(1)(B) and (D). He also claims that after receiving the Case Narrative, he went through the "arduous task of learning to litigate as well as how to apply the law to the evidence and which court to present his argument to."[6] (Docket No. 5, Memorandum, at p. 2). He then proceeded to press his claims as outlined above through the filing of numerous state court applications for post-conviction relief and the retention of an attorney. *(Id.,* at pp. 2-4).

Section 2244(d)(1)(B) provides that the limitation period begins to run from:

---

[6]Even construing this "argument" as supportive of a claim for equitable tolling, it has been held that ignorance of the law is insufficient to demonstrate extraordinary circumstances. *Celaj v. Artuz,* No. 98 CIV. 7365 RPP, 2001 WL 736782, at *4 (S.D.N.Y., June 28, 2001) (citing *Zarvela v. Artuz,* No. 97 Civ. 2393(RR), 1999 WL 1487595 at 2 (E.D.N.Y. Dec. 3, 1999) (citing *Armand v. Strack,* No. 98 Civ. 6650(RJD), 1999 WL 167720 at 5 (E.D.N.Y. Feb. 19, 1999) and cases cited therein), *rev'd on other grounds,* 254 F.3d 374 (2d Cir. 2001).

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action

"The limited case law applying § 2244(d)(1)(B) has dealt almost entirely with the conduct of state prison officials who interfere with [an] inmate's ability to prepare and to file habeas petitions by denying access to legal materials." *Shannon v. Newland*, 410 F.3d 1083 (9th Cir. 2005) (citing *Whalem/Hunt v. Early*, 233 F.3d 1146 (9th Cir. 2000)(*en banc*); *Egerton v. Cockrell*, 334 F.3d 433 (5th Cir. 2003). A plurality of the Supreme Court has also commented that this provision may apply if a "state court . . . refuse[d] to rule on a constitutional claim that ha[d] been properly presented to it." *Lackawana County Dist. Attorney v. Coss*, 532 U.S. 394, 405 (2001) (plurality op. of O'Connor, J.). Petitioner's claim of newly discovered evidence, even construed as broadly as possible, does not fit within § 2244(d)(1)(B)'s alternative statute of limitations triggering date.

Section § 2244(d)(1)(D) provides that the limitation period begins to run from:

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

This triggering date "runs from the date a petitioner is on notice of the facts which would support a claim, not from the date on which the petitioner has in his possession evidence to support his claim." *Youngblood v. Greiner*, No. 97 Civ. 3289(DLC), 1998 WL 720681, at *4 n. 4 (S.D.N.Y. Oct. 13, 1998); *see also Ludicore v. New York State Div. of Parole*, No. 99 Civ. 2936(AJP), 1999 WL 566362, at *5 (S.D.N.Y. Aug.3, 1999), *aff'd*, 209 F.3d 107 (2d Cir. 2000).

Although petitioner has not established that the date he received the Medical Examiner's Case Narrative--1996--was the date he was first on notice of the "new evidence" set forth in the Narrative, even assuming it was, petitioner did not file the instant habeas petition within one year of said discovery; in fact he did not file the instant petition until ten years later.  Assuming *arguendo* that petitioner did not "discover" the Case Narrative until 1996, this was before the grace period had expired but petitioner did not file the instant petition until more than 10 years after the grace period expired.  Morever, even if the grace period does not apply to the newly discovered evidence accrual or triggering date of § 2244(d)(1)(D) and the one-year period of limitations ran from the 1996 discovery date, the petition is nonetheless untimely because even when taking into account the tolls set forth above, petitioner did not file this claim in a timely manner.

Accordingly, the Court finds that the petition was not timely filed and the petition is hereby dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.  In addition, because the issues raised here are not the type of issues that a court could resolve in a different manner, and because these issues are not debatable among jurists of reason, the Court concludes that petitioner has failed to make a substantial showing of the denial of a constitutional right, 28 U.S.C. § 2253(c)(2), and accordingly the Court denies a certificate of appealability.

The Court also hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this judgment would not be taken in good faith and therefore denies leave to appeal as a poor person.  *Coppedge v. United States*, 369 U.S. 438 (1962).

Petitioner must file any notice of appeal with the Clerk's Office, United States District Court, Western District of New York, within thirty (30) days of the date of judgment in this

action. Requests to proceed on appeal as a poor person must be filed with the United States Court of Appeals for the Second Circuit in accordance with the requirements of Rule 24 of the Federal Rules of Appellate Procedure.

IT HEREBY IS ORDERED, that the petition (Docket No. 1) is DISMISSED.

FURTHER, the motion for a stay (Docket No. 6) is DENIED as moot.

FURTHER, that a certificate of appealability is DENIED.

FURTHER, that leave to appeal as a poor person is DENIED.

FURTHER, that the Clerk of the Court is directed to close this case.

SO ORDERED.

Dated:      January 17, 2008
            Buffalo, New York

WILLIAM M. SKRETNY
United States District Judge